BLD-024                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2749
_____

UNITED STATES OF AMERICA

v.

DANIEL GATSON
a/k/a Tokyo Gatson, a/k/a Craig, a/k/a Big Country,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-13-cr-00705-001)
District Judge:  Honorable William J. Martini

_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 4, 2021
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: December 1, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Daniel Gatson appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we will summarily affirm the District Court's order.

In 2015, Gatson was convicted of numerous counts of transporting stolen property across state lines. The property, valued at $3.6 million, had been stolen from multiple residences. The District Court imposed a sentence of 300 months' imprisonment. In April 2021, after refusing to be vaccinated, Gatson filed a motion for compassionate release, arguing, inter alia, that his severe obesity and hypertension made him vulnerable to serious health issues if infected with COVID-19. The District Court denied the motion, concluding that Gatson's medical issues did not constitute extraordinary and compelling reasons. The District Court also determined that consideration of the factors set forth in 18 U.S.C. § 3553(a) did not support the reduction of Gatson's sentence. Gatson filed a timely notice of appeal, and the Government filed its motion for summary affirmance. Gatson opposes the Government's motion.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that

2

decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Here, we need not address whether Gatson has shown that extraordinary and compelling reasons support a sentence reduction,[1] because the District Court also based its denial of the motion on its consideration of the § 3553(a) factors. Referring to its comments at sentencing, the District Court noted the need for both the protection of the public and deterrence of Gatson. See 18 U.S.C. § 3553(a)(2)(B) & (C) (including protection of the public and deterrence as sentencing factors).[2] This was not unreasonable, given the number of burglaries underlying Gatson's convictions as well as his having served less than one-third of his sentence at the time he requested compassionate release.

---

[1] See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (". . . for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also Garrett v. Murphy, No. 20-2719, --- F.4th ---, 2021 WL 5026787, at *10 (3d Cir. Oct. 29, 2021) (taking judicial notice that COVID-19 vaccines are widely available and rejecting claim that prisoner was under imminent danger of physical injury from COVID).

[2] At sentencing, the District Court noted Gatson's criminal history as the reason a lengthy sentence was needed to protect the public. In explaining its decision to vary upwards from the Guidelines in sentencing Gatson, the District Court also opined that a Guideline sentence would not deter Gatson, whom it described as showing no remorse.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. As the District Court clearly did not abuse its discretion in denying Gatson's motion for a sentence reduction based on its weighing of the § 3353 factors, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6. The Government's motion to file its appendix under seal is granted.